Anjali J. Patel, SBN 028138
**Tyler Allen Law Firm, PLLC**
4201 North 24th Street, Suite 200
Phoenix, AZ 85016
602-456-0545 telephone
602-995-3999 fax
anjali@allenlawaz.com
*Attorney for Plaintiff Tyler Johnson*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler Johnson,<br><br>  Plaintiff,<br><br>vs.<br><br>Cameron Colvin and Jane Doe Colvin, husband and wife; CamCo Commercial, Inc., a Nevada corporation; CamCo Galaxy and Technology Investments, LLC, an Arizona limited liability company; Linking Sports and Communities, an Arizona non-profit corporation; Rise Above Development BA, LLC, an Arizona corporation; Rise Above Development Gym, LLC, an Arizona limited liability company; Rise Above Development INF, LLC, an Arizona limited liability company; White Corporations I-X; Black Partnerships I-X; and Gray Limited Liability Companies I-X,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

COMES NOW Tyler Johnson ("Plaintiff"), by and through counsel undersigned, and for his Complaint against Defendants Cameron Colvin and Jane Doe Colvin, husband and wife, CamCo Commercial, Inc., a Nevada corporation, CamCo Galaxy and Technology Investments, LLC, an Arizona limited liability company, Linking Sports and Communities, an Arizona non-profit corporation, Rise Above Development BA, LLC, an

Arizona limited liability company, Rise Above Development Gym, LLC, an Arizona limited liability company, Rise Above Development INF, LLC, an Arizona limited liability company, White Corporations I-X, Black Partnerships I-X and Gray Limited Liability Companies I-X, ("Defendants") hereby alleges as follows.

## PRELIMINARY STATEMENT

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8, unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7, failure to timely pay wages under A.R.S. §23-351, breach of oral contract and breach of contract, and fraud in the inducement pursuant to Arizona common law.

2. This action is brought to recover unpaid minimum wages, liquidated or double damages, treble damages and statutory penalties resulting from Defendants' violations of the FLSA, AMWA and AWA.

3. This action is also brought to recover compensatory damages, punitive damages, attorneys' fees, costs and interest for Plaintiff's related state law claims under Arizona law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction and jurisdiction over the parties to this case pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 (federal question).

5. Venue is proper in this district under 28 U.S.C. §§1391(b) and (c) because the acts and omissions giving rise to Plaintiff's claims occurred in the State of Arizona and because Defendants regularly conduct business in, and have engaged in unlawful conduct alleged herein, and thus are subject to personal jurisdiction in this judicial district.

6. Plaintiff's state law claims are sufficiently related to his federal claims that they form the same case or controversy under 28 U.S.C. §1367.

7. This Court has supplemental jurisdiction over Plaintiff's claims arising under the Arizona Minimum Wage Statute, Arizona Wage Statute and Arizona common law pursuant to 28 U.S.C. §1367.

8. Plaintiff was employed by Defendants in this judicial district.

**PARTIES**

9. Plaintiff is an unmarried individual, who at all times relevant to the claims herein, resided in the District of Arizona.

10. Plaintiff received and thereafter accepted an offer of employment dated May 21, 2022, from "Rise Above Enterprises, LLC," owned and operated by Defendant Cameron Colvin. (See **Exhibit A** attached hereto.)

11. "Rise Above Enterprises, LLC," is not a limited liability company registered with the Arizona Corporations Commission in the State of Arizona.

12. A 2022 W-2 Wage and Tax Statement was issued by "Rise Above Enterprises" for Plaintiff which incorrectly reported the wages paid to Plaintiff by Rise Above for the 2022 tax year as $1,840.00.

13. Upon information and belief, Defendants are jointly and severally liable for the conduct alleged herein as entitled Defendants share common ownership, common management, and interrelation of operations.

14. Upon information and belief, Defendants, and each of them, are the parent corporations, partners, joint ventures or holding companies for other entities that are or may be transacting business in the State of Arizona under the name "Rise Above Enterprises, LLC" and/or "Rise Above Enterprises" for whom Plaintiff worked.

3

15. Defendants, including individual Defendant Cameron Colvin, and any related business entity which they own, control, or with whom they partner or operate together with their respective units, divisions and departments, regularly engage in the same or similar activities, share a common business purpose, and operate under a unified operation or common control by Defendant Colvin so as to constitute an "enterprise" within the meaning of Section 3(r) and (s) of the FLSA. 29 U.S.C. §203(e) and A.R.S. §23-350.

16. Plaintiff has a good faith, reasonable belief that in his work for Defendants he was employed by an enterprise as alleged in Paragraph 15 above which was engaged in commerce that had an annual gross volume of sales and/or business totaling more than $500,000.00 in 2022 and at all times relevant to the claims stated herein.

17. Additionally, Plaintiff performed interstate communications as part of his job duties for the enterprise as referenced in Paragraph 15 above.

18. Upon information and belief, one or more of the named entity Defendants in this lawsuit, also owned and operated by Defendant Cameron Colvin – was doing business as "Rise Above Enterprises" and/or "Rise Above Enterprises, LLC" located at 4800 N. Scottsdale Avenue, Suite 2000, in Scottsdale, Arizona, 85251 (hereafter "Rise Above") at all times relevant to the claims stated herein.

19. Alternatively, the enterprise referenced in Paragraph 15 above was doing business as "Rise Above Enterprises" and/or "Rise Above Enterprises, LLC" located at 4800 N. Scottsdale Rd., Suite 2000, in Scottsdale, Arizona, 85251 (hereafter "Rise Above") at all times relevant to the claims stated herein.

20. During his employment, Plaintiff worked out of the office located at 4800 N. Scottsdale Rd., Suite 2000, in Scottsdale, Arizona.

21. During his employment, Plaintiff was asked to work on multiple projects for the Defendants, including front-end website design for http://camcoholdings.com/,

4

https://www.linkingsport.org/, http://riseaboveep.com/, and http://thecamcocktailhr.com/. Plaintiff created Instagram content for Defendant Colvin (@drcamcolvin), Rise Above Creative Solutions (@riseabovecs), Camco Green House (@camcogreenhouse), Neverstop (@theneverstoplifestyle), and Amazingly Green (@amazingly.green) at the direction of Defendants. Plaintiff created Facebook content for CamCo Commercial (https://www.facebook.com/CamCoCommercialinc) and Rise Above Enterprise (https://www.facebook.com/RiseAboveEnterprise) at the direction of Defendants. No efforts were made by Defendants to differentiate between the corporate entities for which Plaintiff performed work.

22. Plaintiff was a full-time employee of Defendants, beginning on or about May 23, 2022, through approximately November 2022.

23. At all times relevant to the claims alleged herein, Plaintiff was an employee of Defendants as defined by 29 U.S.C. §203(e)(1).

24. At all times relevant to the claims alleged herein, Plaintiff was an employee of Defendants as defined by A.R.S. §23-362(A).

25. At all times relevant to the claims alleged herein, Plaintiff was an employee of Defendants as defined by A.R.S. §23-350(2).

26. All named entity Defendants are authorized to do business in Arizona, with the exception of CamCo Commercial, Inc., which is authorized to do business in the State of Nevada.

27. At all times relevant to the claims alleged herein, Defendants were Plaintiff's employer as defined by 29 U.S.C. §203(d).

28. At all times relevant to the claims alleged herein, Defendants were Plaintiff's employer as defined by A.R.S. §23-362(B).

29. At all times relevant to the claims alleged herein, Defendants were Plaintiff's employer as defined by A.R.S. §23-350(3).

30. Defendant Cameron Colvin resides in Arizona.

31. Upon information and belief, the acts and omissions alleged herein by Defendant Cameron Colvin and Jane Doe Colvin were performed in furtherance of the marital community.

32. Defendant Cameron Colvin is the President, Secretary, Treasurer and Director of Defendant CamCo Commercial, Inc.

33. Defendant Cameron Colvin is a Member of Defendant CamCo Galaxy and Technology Investments, LLC.

34. Defendant Cameron Colvin is the President, Chief Executive Officer and Director of Defendant Linking Sports & Communities.

35. Defendant Cameron Colvin is a Member of Defendant Rise Above Development BA, LLC, Defendant Rise Above Development Gym, LLC, and Defendant Rise Above Development INF, LLC.

36. Defendant Cameron Colvin has caused the events and omissions complained of herein which give rise to Plaintiff's claims.

37. Defendant Jane Doe Colvin, Defendants White Corporations I-X, Black Partnerships I-X; and Gray Limited Liability Companies I-X are fictitiously named defendants who may be at fault with respect to Plaintiff's claims alleged herein. As soon as the real names of such defendants become available, this complaint will be amended.

38. Defendant Cameron Colvin is Plaintiff's employer. Defendant Cameron Colvin had, at all relevant times, the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment to employees and maintained employment records in connection with Plaintiff's

employment with Defendants.  Accordingly, Defendant Colvin is subject to individual and personal liability for Plaintiff's claims under the Fair Labor Standards Act ("FLSA").

39. Plaintiff is informed, believes, and thereon alleges that each of the Defendants named herein gave consent, ratified and authorized the acts of all other Defendants, as alleged herein.

## GENERAL ALLEGATIONS

40. Plaintiff accepted an offer and began working for Rise Above on May 23, 2022, as a Digital Media Specialist, earning $23.00 per hour.

41. Plaintiff received his first paycheck from Rise Above on or about June 14, 2022, which was issued in the amount of $1,182.29.

42. Plaintiff's June 14, 2022, paycheck failed to include wages owed to Plaintiff based upon the number of hours Plaintiff had worked that pay period.

43. Plaintiff immediately raised the issue to Rise Above's Human Resources Department and was informed that the missing unpaid wages would be added to Plaintiff's next paycheck.

44. On the following scheduled pay day, Plaintiff, along with other Rise Above employees, was informed by Rise Above management that employee paychecks were delayed due to a "bank issue," but that paychecks would arrive over the weekend on or about July 2 – 3, 2022.

45. Plaintiff did not receive a paycheck over the weekend of July 2 – 3, 2022, as promised by Rise Above.  Instead, Rise Above management and Defendant Colvin made excuses for the lack of payment, stating it was the bank's fault, and that "the bank did not have enough money."

46. In or about July of 2022, Plaintiff made multiple attempts to contact Defendant Colvin directly, stating that he needed to receive his wages in order to pay bills,

and Plaintiff also contacted Rise Above's Chief of Staff in order to get in touch with Defendant Colvin.

47. On or about July 21, 2022, Defendant Colvin sent Plaintiff $200 via Venmo to assist with Plaintiff's bills.

48. Throughout the month of July 2022, Defendant Colvin and the Rise Above Executive Team sent Slack messages to Rise Above employees, including Plaintiff, stating "we are almost there," and "we should be receiving the checks this week," while Rise Above employees, including Plaintiff, were pressured to continue working without pay.

49. On or about July 28, 2022, Plaintiff received two (2) paychecks along with a Slack message from Marisol Deleon at Rise Above, stating that Plaintiff had permission to cash one (1) payroll check only.

50. The Slack message from Ms. Deleon further stated that "[a]nyone trying to cash/deposit more than one check will be subject to disciplinary action including a write up, suspension without pay, and/or termination."

51. Plaintiff complied with Ms. Deleon's directive and cashed only one (1) of the paychecks he received on July 28, 2022, despite the fact that he was owed more in wages than the sum of the two (2) paychecks combined.

52. As a result of Defendants' actions, Plaintiff had insufficient money to pay his bills due that month which he communicated to management and received $100.00 from the Rise Above's Management of Operations in order to pay bills.

53. From approximately July 28, 2022, to August 24, 2022, Plaintiff continued working full time without pay based upon the continued promises by Defendant Colvin and the Rise Above Executive Team that Rise Above's alleged "bank issues" would soon be resolved and all employees would be paid the wages they had earned and were owed.

54. On or about August 24, 2022, Plaintiff received a paycheck but was told that he was permitted to cash *only* the August 24, 2022, paycheck and not the uncashed paycheck from July 28, 2022.

55. Plaintiff messaged Defendant Colvin directly on Slack on multiple occasions to inquire about the status of his unpaid wages.

56. Over time, Defendant Colvin became increasingly unresponsive to Plaintiff's messages.

57. On or about August 30, 2022, Plaintiff was issued a paycheck by Rise Above, but was instructed to bring in his August 24, 2022, paycheck to exchange for the August 30, 2022 paycheck.

58. On or about this time in August 2022, the Rise Above Executive Team told employees that Rise Above would be switching from Enterprise to Chase Bank, which would fix the ongoing "payroll issues."

59. On or about October 24, 2022, Rise Above held a company-wide meeting during which Defendant Colvin appeared in person and assured employees that they would be paid their wages owed by the following Friday, October 28, 2022.

60. On or about October 24, 2022, Defendant Colvin shook hands with Plaintiff and personally guaranteed that Plaintiff would be paid the wages he was owed by October 28, 2022.

61. Plaintiff did not receive any payment by October 28, 2022, as personally guaranteed by Defendant Colvin.

62. As Rise Above employees grew increasingly vocal over Rise Above's failure to pay wages, Defendant Colvin declined a follow-up meeting to address employee concerns.

63. Plaintiff did not perform work for Defendants after November 6, 2022.

64. On or about November 14, 2022, Defendant Colvin sent an email to Rise Above employees, including Plaintiff, which stated, "[a]s of this morning, I will need a day or so to get the payments to you. I confidently relay this update."

65. Once again, Plaintiff received no payment during the month of November 2022.

66. On or about December 1, 2022, Defendant Colvin sent an email to Plaintiff with an offer for payment of Plaintiff's earned unpaid wages owed from Plaintiff's "final four net payroll checks," plus the additional sum of $10,000.00 with a document titled "Separation and Mutual Release Agreement."

67. Plaintiff responded to Mr. Colvin's email on or about December 8, 2022, expressing his interest in the offer subject to minor revisions to the Separation and Mutual Release Agreement.

68. Plaintiff's revisions were not accepted by Defendant Colvin, and the agreement was not executed.

69. On or about January 17, 2023, counsel for Plaintiff, Tyler Allen, sent a demand letter for payment to Defendant Colvin's attorney of record at the time, Scott Lawler.

70. On or about January 31, 2023, Mr. Lawler emailed Mr. Allen, with a counteroffer of $25,000.00 to settle Plaintiff's claims. (See **Exhibit B** attached hereto.)

71. On or about February 1, 2023, Mr. Allen responded to Mr. Lawler, accepting the offer on behalf of Plaintiff, and including Plaintiff's desired terms to be included in the settlement agreement.

72. Mr. Lawler then sent a draft settlement agreement memorializing the parties' agreed-upon terms, which Plaintiff signed and returned to Mr. Lawler on or about February 7, 2023. (See **Exhibit C** attached hereto.)

73. Defendants breached their verbal agreement, having failed to deliver the settlement funds to Plaintiff as of the date of filing this Complaint.

74. As of the date of the filing of Plaintiff's Complaint, Plaintiff's unpaid wages total $5,122.10, for 222 hours and 42 minutes of work performed for Rise Above.

75. The breakdown of Plaintiff's unpaid wages are as follows:

   a. Plaintiff is owed $1,127.77 for 49 hours and 2 minutes worked from September 12, 2022, through September 25, 2022;

   b. Plaintiff is owed $1,775.98 for 77 hours and 13 minutes worked from September 26, 2022, through October 9, 2022;

   c. Plaintiff is owed $1,639.52 for 71 hours and 17 minutes worked from October 10, 2022, through October 23, 2022;

   d. Plaintiff is owed $578.83 for 25 hours and 10 minutes worked from October 24, 2022, through November 6, 2022.

76. Plaintiff did not work any additional hours for Defendants after November 6, 2022.

77. Defendants have no reasonable grounds for the withholding of Plaintiff's earned wages.

78. During his employment with Rise Above, Plaintiff relied upon the express promises and personal guarantees by Defendant Colvin on behalf of all Defendants in continuing to work for Rise Above without pay.

79. Plaintiff relied upon said promises by Defendant Colvin on behalf of Defendants to Plaintiff's personal detriment, and has suffered damages as a result of same.

80. Defendants have knowingly and willfully breached their duties to Plaintiff, under the FLSA, AMWA, AWA and the parties' verbal and written agreements described herein.

81. Defendants have intentionally and fraudulently induced Plaintiff to continue working for Rise Above without pay, under false pretenses which Defendants knew at the time to be false.

## COUNT ONE

### (Failure to Pay Minimum Wage – FLSA – 29 U.S.C. §206)

82. Plaintiff realleges and incorporates by reference each of the previous allegations as if fully set forth herein.

83. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

84. By failing to pay Plaintiff at all for Plaintiff's hours worked, Defendants violated Plaintiff's rights under the FLSA, including but not limited to 29 U.S.C. §206.

85. Defendants' failure to pay Plaintiff for all hours of work was knowing, intentional, willful, and in reckless disregard of his rights under the FLSA.

86. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages.

87. In addition to the unpaid wages owed to Plaintiff, Plaintiff is entitled to recover an additional equal amount as liquidated damages under 29 U.S.C. §216(b).

88. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. §216(b).

## COUNT TWO

### (Failure to Pay Minimum Wage – Arizona Minimum Wage Statutes)

89. Plaintiff realleges and incorporates by reference each of the previous allegations as if fully set forth herein.

90. At all times relevant hereto, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Act ("AMWA").

12

91. By failing to pay Plaintiff at all for certain hours of work, Defendants violated Plaintiff's rights under the Arizona Minimum Wage Act, including but not limited to A.R.S. §23-363.

92. Defendants' failure to pay Plaintiff for all hours of work was knowing, willful, and in reckless disregard of his rights under the Arizona Minimum Wage Act.

93. In addition to the amount of unpaid minimum wage owed to Plaintiff, Plaintiff is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. §23-364(g).

94. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. §23-364(g).

### COUNT THREE
### (Failure to Pay Wages Due and Owing – Arizona Wage Act)

95. Plaintiff realleges and incorporates by reference each of the previous allegations as if fully set forth herein.

96. As a result of the allegations contained herein, Defendants did not compensate Plaintiff for wages due and owing to him.

97. Defendants engaged in such conduct in violation of A.R.S. §23-355.

98. As a result of Defendants' conduct, Plaintiff is entitled to compensation in an amount that is treble the amount of his unpaid wages, plus interest thereon and his costs incurred.

### COUNT FOUR
### (Failure to Pay Timely Wages Due – Arizona Wage Statutes)

99. Plaintiff realleges and incorporates by reference each of the previous allegations as if fully set forth herein.

100. At all times relevant hereto, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Act.

101. At all times relevant hereto, entity Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. §23-351.

102. Entity Defendants were further aware that they were obligated to pay all wages due to Plaintiff under A.R.S. §23-353.

103. Entity Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

104. Entity Defendants have willfully failed and refused to timely pay wages due to Plaintiff.

105. As a result of entity Defendants unlawful acts and/or omissions, Plaintiff is entitled to the statutory remedies provided by A.R.S. §23-355, including damages in the amount of treble the unpaid wages owed to Plaintiff.

### COUNT FIVE

### (Breach of Oral Contract - Against All Defendants)

106. Plaintiff realleges and incorporates by reference each of the previous allegations as if fully set forth herein.

107. The parties formed a valid and enforceable verbal contract on or about October 24, 2022, when Defendant Colvin shook hands with Plaintiff and personally guaranteed that Plaintiff would be paid the wages he was owed by October 28, 2022.

108. In consideration for Defendant Colvin's promise to pay, Plaintiff continued working for Defendants.

109. Plaintiff reasonably relied upon Defendant Colvin's representations in continuing to work for Defendants following Defendants' prior failure to pay wages owed.

110. Defendant Colvin breached his contractual obligations to Plaintiff by refusing and/or failing to pay Plaintiff his wages owed by October 28, 2022.

111. Plaintiff has suffered damages as a result of Defendant Colvin's breach.

112. Plaintiff is entitled to an award of attorneys' fees as a result of Defendant Colvin's breach pursuant to A.R.S. §12-341.01.

## COUNT SIX

### (Breach of Contract - Against All Defendants)

113. Plaintiff realleges and incorporates by reference each of the previous allegations as if fully set forth herein.

114. The parties – by and through Defendant Colvin's previous attorney, Scott Lawler, and Tyler Allen on behalf of Plaintiff – engaged in settlement negotiations in or about January of 2023 and February of 2023.

115. Plaintiff sent Defendant Colvin a demand letter on or about January 17, 2023, outlining his claims against Defendants.

116. On or about January 31, 2023, Mr. Lawler emailed Mr. Allen, extending a counteroffer of $25,000.00 to settle Plaintiff's claims. (See **Exhibit B** attached hereto.)

117. On or about February 1, 2023, Mr. Allen responded to Mr. Lawler, accepting the offer on behalf of Plaintiff, and including Plaintiff's desired terms to be included in the settlement agreement.

118. Mr. Lawler then sent a draft settlement agreement memorializing the parties' agreed-upon terms, which Plaintiff signed and returned to Mr. Lawler on or about February 7, 2023. (See **Exhibit C** attached hereto.)

119. Based upon the foregoing, the parties entered into a valid and enforceable contract when Plaintiff accepted Defendant's offer on or about February 1, 2023.

120. Defendant Colvin breached the contract by failing to pay Plaintiff the amount due and owing to Plaintiff under the parties' settlement agreement.

121. As of the date of the filing of Plaintiff's Complaint, Defendants have not paid Plaintiff the funds owed under the contract.

122. Plaintiff has suffered damages as a result of Defendants' breach.

123. Plaintiff is entitled to an award of attorneys' fees as a result of Defendant Colvin's breach pursuant to A.R.S. §12-341.01.

## COUNT SEVEN

### (Fraud in the Inducement – Against All Defendants)

124. Plaintiff realleges and incorporates by reference each of the previous allegations as if fully set forth herein.

125. On or about October 24, 2022, Defendant Colvin shook hands with Plaintiff and personally guaranteed that Plaintiff would be paid the wages he was owed by October 28, 2022.

126. Defendant Colvin also communicated to Plaintiff on multiple occasions, as detailed above, that Plaintiff's wages would be paid upon resolution of a "bank error," and that Defendant Colvin expected payment to Plaintiff of unpaid wages by July of 2022 and by October 28, 2022.

127. Defendant Colvin's intentional misrepresentations to Plaintiff were made with knowledge of their falsity, and with the intent to induce Plaintiff to continue working for Rise Above without pay.

128. Defendant Colvin's intentional misrepresentations to Plaintiff were made with evil motive and/or willful or wanton disregard for Plaintiff's interests.

129. Plaintiff justifiably relied upon Defendant Colvin's statements and personal guarantees of payment and continued working without pay based upon Defendant Colvin's above misrepresentations to Plaintiff.

130. Plaintiff justifiably relied on Colvin's misrepresentations to Plaintiff's own detriment.

131. As a result, Plaintiff has suffered damages in an amount to be proven at trial.

132. Plaintiff is further entitled to an award of punitive damages against Defendant Colvin.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff prays for relief against Defendants, jointly and severally, as follows:

A. A finding in favor of Plaintiff and against Defendants on all claims;

B. A finding that Defendants violated the FLSA, AMWA and AWA by failing to pay Plaintiff for all hours worked;

C. An award to Plaintiff of all unpaid wages;

D. An award to Plaintiff of liquidated damages in an amount equal to his unpaid wages;

E. An award to Plaintiff of treble his unpaid damages pursuant to A.R.S. §23-355;

F. An award to Plaintiff of Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b), A.R.S. §23-364 and A.R.S. §§ 12-341 and 12-341.01;

G. An award to Plaintiff of punitive damages;

H. Order that Defendants pay pre-judgment interest on all amounts allowed at the highest lawful rate;

I.     Order that Defendants pay post-judgment interest at the highest lawful rate for all amounts, including attorneys' fees, awarded against Defendants;

J.     Order all other relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED this 13th day of April, 2023.

**TYLER ALLEN LAW FIRM, PLLC**

*/s/ Anjali J. Patel*
Anjali J. Patel
*Attorney for Plaintiff Tyler Johnson*